IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES B. HEBB, JR., | * | Civil No. AW-08-0569 |
| | * | Crim No. AW-06-0560 |
| v. | * | |
| | * | |

UNITED STATES OF AMERICA.

## MEMORANDUM OPINION

Before the Court is a Motion/Petition by the Petitioner/Defendant, Charles B. Hebb, Jr., for relief pursuant to 18 U.S.C. § 2255. On February 2, 2007, and pursuant to a written plea agreement, Petitioner entered a guilty plea to a one count indictment charging Petitioner with possession of ammunition by a prior convicted felon in violation of 18 U.S.C. § 922 (g). Petitioner was sentenced on May 9, 2007 to 78 months imprisonment and 3 years of supervised release. This sentence was within the advisory guidelines and was based upon a finding by the Court that the final adjusted guideline offense level was a 21 and the criminal history category was V. No appeal was filed.

Petitioner presents essentially three arguments in support of his Motion. First, Petitioner claims that the Court improperly and illegally computed his base offense level. Petitioner posits that his initial base level was not a 24 but should have been a 14. Petitioner then asserts that there would have been a three level downward adjustment for Petitioner having timely accepted his responsibility. The final adjusted offense level, according to Petitioner, was then an 11 and not the 21 as determined by the Court. Second, Petitioner claims that the Court acted improperly and was without authority in imposing a 3 year period of supervised release. Finally, Petitioner complains that his attorney did not inform him of these improper actions and determinations by the Court. This appears to be [and

the Court will treat this as] a claim of ineffective assistance of counsel.

Petitioner's first claim that his base offense level was a 14 and not a 24 offense level is without legal and factual support. Petitioner acknowledged under oath that he read and understood his plea agreement which outlined the advisory guideline factors. In addition, the Court carefully went over with Petitioner the penalties he was facing as a result of his conviction. The Court also reviewed with Petitioner the factual guideline stipulation set forth in the plea agreement which indicated that Petitioner's base offense level was a 24 because of Petitioner's two prior felony convictions. Nothing could be more clear. Pursuant to § 2K2.1 (a) (2) of the Sentencing Guidelines[1], Petitioner's two prior state convictions for possession of controlled substances with intent to distribute and for assault in the first degree [neither of which are disputed] served as the basis for the base offense level of 24 which was applied in this case. The Court, therefore, concludes that the Court properly determined the initial base offense level to be a 24 less a downward adjustment of three levels for a final offense level of 21. Accordingly, Petitioner's first claim is devoid of merit.

Next, Petitioner claims that the Court was without authority to impose a three year period of supervised release following his 78 months incarceration with the Bureau of Prisons. The Court agrees with the Government and believes that pursuant to 18 U.S.C. § 3583 (b) (2) the Court was authorized to impose a three year term of supervised release for Petitioner whose conviction in this case constituted a class C felony.

Finally, with respect to the claim by Petitioner that his counsel was ineffective for having failed to inform Petitioner of the law, the Court reviews his allegations under the well established standard

---

[1] § 2K21. (a) (2) **24**, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;

set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. Id.

In this case, Petitioner, with the assistance of his counsel, entered a plea agreement and bargained for a sentence below his exposure had Petitioner gone to trial. The truth of the matter is that for his trial counsel to have advised Petitioner [as Petitioner argues] that the proper guideline factors should have been a final adjusted offense level of 11 and that the Court was without authority to impose a three year period of supervised release, such advice would have been sheer nonsense. The Court does not believe on this record that Petitioner has made any showing that counsel's performance was legally deficient nor is there any evidence of prejudice pursuant to the Strickland standard. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

Lastly, Petitioner has filed a motion he has styled as a Motion for Default Judgement. Apparently, Petitioner is claiming that the Government did not timely respond to the Court's direction that the Government respond to the Petitioner's Motion to Vacate within 60 days of the entry of the order. The Court is befuddled by this motion inasmuch as the docket reflects that Order to Respond was entered on March 28, 2008, and the docket further indicates that the Government filed their Opposition to the Defendant's Motion to Vacate on May 5, 2008 which is well within the 60 days as ordered. This motion, therefore, must be denied.

In sum, the Court has reviewed the current pleadings and the entire files relative to the present

Motion as well as the underlying criminal case. The Court finds that Petitioner has not demonstrated a legal and cognizable basis for relief. Specifically, the Court believes that it properly calculated the final adjusted offense level for Petitioner at a level 21. Moreover, the Court believes that it was authorized under the law to impose a three year term of supervised released following completion by Petitioner of the 78 months sentence imposed. Lastly, for the reasons set forth above, the Court does not believe that there is a basis for entering a default judgment against the Government in connection with the pending Motion. Accordingly, the Petitioner's Motion pursuant to § 2255 is DENIED. A separate Order will be issued.

November 24, 2008

*Alexander Williams, Jr.*
Alexander Williams, Jr.
United States District Judge